IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DEONTE HUDDLESTAR,** | § |
| | § |
| Movant, | § |
| | § |
| V. | § NO. 4:25-CV-500-O |
| | § (NO. 4:23-CR-044-O) |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| Respondent. | § |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Deonte Huddlestar under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On February 15, 2023, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. CR ECF No.[1]1. On April 5, 2023, he was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. CR ECF No. 64. Movant and his counsel signed a waiver of indictment, CR ECF No. 67, a factual resume, CR ECF No. 68, and a plea agreement. CR ECF No. 69. The factual resume set for the maximum penalty Movant faced,

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-CR-044-O.

the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 68. The plea agreement set forth: the maximum penalties Movant faced, the Court's sentencing discretion and role of the guidelines, the government's agreement not to bring any additional charges against Movant and to dismiss any remaining charges, that the plea was freely and voluntarily made and not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation. CR ECF No. 69.

On April 12, 2023, Movant appeared for arraignment on the superseding information. He testified under oath in open court that: he understood the rights he was giving up by entering a guilty plea; he and counsel had discussed the charges against him and how the guidelines might apply; he understood that the Court would not be bound by the stipulated facts; he understood the essential elements of the charge and admitted that he committed each of them; he was fully satisfied with the representation and advice provided by counsel; he read and understood the plea agreement before signing it; he knowingly and voluntarily waived his right to appeal; all of the terms of his agreement were set forth in the plea agreement; no one made any promise, assurance, or threat of any kind to induce him to enter a plea of guilty; he understood his punishment would be somewhere within the range provided by statute; he understood the penalties he faced; he understood that if his sentence was more severe than he expected, he would not be able to withdraw his plea; and, he read and understood the factual resume before he signed it and the facts stated were true and correct. CR ECF No. 202.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR ECF No. 130, ¶ 28. He received a two-level enhancement for possession of a dangerous weapon, *id.* ¶ 29, and a two-level enhancement for maintaining a drug premises. *Id.* ¶ 30. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 36, 37. Based on a total offense level of 33 and a criminal history category of III, his guideline imprisonment range was 168 to 210 months. *Id.* ¶ 83. Movant filed objections to the application of U.S.S.G. § 2D1.1(b)(12), CR ECF No. 132, and the probation officer prepared an addendum to the PSR. CR ECF No. 144. Movant filed a sentencing memorandum requesting a downward departure or variance. CR ECF No. 157.

The Court sentenced Movant to a term of imprisonment of 168 months. CR ECF No. 167. Movant filed a notice of appeal, CR ECF No. 166, despite having waived the right to do so. CR ECF No. 69, ¶ 11. Movant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The United States Court of Appeals for the Fifth Circuit concurred with counsel that the appeal presented no nonfrivolous issue and affirmed. *United States v. Huddlestar*, No. 23-10756, 2024 WL 512553 (5th Cir. Feb. 9, 2024).

## II.    GROUNDS OF THE MOTION

Movant sets forth four grounds in support of his motion, all alleging that he received ineffective assistance of counsel. He alleges that counsel failed: (1) to disclose discovery material to him; (2) to object to the drug weight; (3) to object to the premises enhancement; and (4) to advise Movant of, and move for, a minimal or minor role reduction. ECF No.[2] 1.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, the movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In support of his first ground, Movant alleges that before advising him to plead guilty, counsel refused to provide him with "any of the discovery materials," thus depriving him of the ability to weigh the government's evidence and adequately determine whether to plead guilty or insist on trial. ECF No. 1 at 4. Confusingly, he then alleges that counsel provided him documents articulating the wrong drug weight and erroneous sentence calculation. *Id.* The allegations are wholly conclusory and fail to point to any particular evidence or how it would have made any difference in his determination to plead guilty. *Miller*, 200 F.3d at 282; *Guerrero v. United States*, No. SA-20-CV-1181-XR, 2021 WL 1146006, at *3 (W.D. Tex. Mar. 24, 2021) (no relief available

where movant failed to specify what the undisclosed discovery was or how the failure to disclose it affected his decision to plead guilty). Movant clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence or to calculate his guideline range does not render his plea unknowing or involuntary. *See, e.g.*, *United States v. Lincks*, 82 F.4th 325, 331–32 (5th Cir. 2023) (underestimating guideline range not ineffective where movant knew the sentence he faced and denied that counsel had promised a particular sentence); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (erroneous prediction of leniency does not render plea involuntary).

Any argument that the plea was not knowing and voluntary is belied by the record. The plea agreement he signed stated that Movant understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties Movant faced; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No. 69. The document is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony

6

and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). His conclusory allegation that his plea was "entered unintelligently and involuntarily based on counsel's deficient performance," ECF No. 1 at 4, does not meet the test. As the government notes, the evidence against Movant was overwhelming. ECF No. 8 at 14; CR ECF No. 130 (detailing Movant's involvement and admissions regarding his criminal conduct).

In his second ground, Movant alleges that counsel rendered ineffective assistance by "affirmatively assert[ing] that he would be charged with and ultimately be held responsible for substantial [sic] lower drug weight." ECF No. 1 at 5. Again, he fails to provide any facts to support this allegation, such as the specific drug weight to which he is referring. Moreover, he does not point to any independent evidence to support the allegation. *See, e.g.*, *Cervantes*, 132 F.3d at 1110 (movant seeking relief on the basis of an alleged promise must prove (1) the exact terms of the promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise).

In his third ground, Movant alleges that counsel rendered ineffective assistance in failing to object to the drug premises enhancement. ECF No. 1 at 7. Movant is mistaken. Counsel filed objections based on the enhancement. CR ECF No. 130. For the reasons discussed in the addendum to the PSR, the probation officer supported the PSR as written. CR ECF No. 144. At sentencing, counsel relied on the arguments made in the sentencing memorandum and objections. CR ECF No. 190 at 4. The Court overruled the objections. *Id.* at 5. That counsel did not prevail does not mean that he rendered ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983); *Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004).

In his fourth ground, Movant asserts that counsel rendered ineffective assistance in failing to advise him about the minimal or minor role adjustment and failing to seek such a reduction. ECF No. 4 at 8. The mitigating role adjustment applies only when a defendant is "substantially less culpable than the average participant." U.S.S.G. § 1B1.2 cmt. n.3(A); *United States v. Villanueva*, 408 F.3d 193, 203–04 (5th Cir. 2005). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Id.* at 204 (quoting *United States v. Miranda*, 248 F.3d 434, 446–47 (5th Cir. 2001)). Movant does not fit the definition. By his own admission, he was an average participant in the scheme. *See* CR ECF No. 130, ¶¶ 17–18, ¶ 20. Counsel cannot have rendered ineffective assistance in failing to make meaningless objections. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). Moreover, as the government notes, counsel could not have argued for a reduced sentence based on acceptance of responsibility had he tried to minimize Movant's participation. ECF No. 8 at 19–20.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **30th day** of **July, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**